NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 23 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EARNEST CASSELL WOODS, II,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>ROBERT L. AYERS, Jr., Warden; et al.,<br><br>Defendants-Appellees. | No. 14-15241<br><br>D.C. No. 3:11-cv-04730-JSW<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted December 14, 2016**

Before:     WALLACE, LEAVY, and FISHER, Circuit Judges.

Earnest Cassell Woods, II, appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging constitutional claims. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Williams v. Paramo*,

775 F.3d 1182, 1191 (9th Cir. 2015) (dismissal for failure to exhaust administrative

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

remedies); *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010) (dismissal under Fed. R. Civ. P. 12(b)(6)). We may affirm on any ground supported by the record. *Whitaker v. Garcetti*, 486 F.3d 572, 579 (9th Cir. 2007). We affirm in part, reverse in part, and remand.

Dismissal of Woods's retaliation claim was proper because Woods failed to allege facts sufficient to show that defendants' actions did not advance legitimate goals of the correctional institution. *See Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012) (elements of a First Amendment retaliation claim in prison context).

The district court properly dismissed Woods's deprivation of property claim because California state law provides an adequate post-deprivation remedy. *See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (an unauthorized property deprivation is not cognizable under § 1983 because California state law provides an adequate post deprivation remedy).

The district court properly dismissed Woods's First Amendment free exercise claim because Woods did not allege facts sufficient to show that having only ten minutes to eat a kosher meal on one occasion violated a sincerely held religious belief. *See Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008) (Free

Exercise Clause is only implicated when a prison's practices burden an inmate's sincerely held religious beliefs).

The district court properly dismissed Woods's Eighth Amendment claim regarding personal hygiene products because Woods failed to allege facts sufficient to state a plausible claim. *See Hebbe*, 627 F.3d at 341-42 (pro se plaintiff must present factual allegations sufficient to state a plausible claim for relief).

To the extent that Woods argues he was deprived of due process in his disciplinary hearings, Woods waived this claim by failing to replead it in his second amended complaint. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("[F]or any claims voluntarily dismissed, we will consider those claims to be waived if not repled.").

The district court concluded that Woods failed to exhaust administrative remedies on his medical deliberate indifference claim. However, Woods submitted two Third Level Appeals addressing his medical needs, and defendants did not meet their burden of demonstrating that these appeals were properly screened under existing regulations. *See Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) (en banc) (State bears the burden of proving that the prisoner did not exhaust

14-15241

available administrative remedies); *Sapp v. Kimbrell*, 623 F.3d 813, 822-23 (9th Cir. 2010) (exhaustion is not required where administrative remedies are "effectively unavailable" because an appeal is improperly screened); *see also Albino*, 747 F.3d at 1173 ("[W]here prison officials decline[] to reach the merits of a particular grievance for reasons inconsistent with or unsupported by applicable regulations, [courts have concluded] administrative remedies were effectively unavailable." (citation and internal quotation marks omitted)). Accordingly, we conclude that dismissal of this medical deliberate indifference claim was improper and we remand for further proceedings.

We lack jurisdiction to consider the district court's post-judgment order denying Woods's expert witness motion because Woods failed to file an amended or separate notice of appeal. *See* Fed. R. App. P. 4(a)(4)(B)(ii); *Whitaker v. Garcetti*, 486 F.3d at 585 (appellant generally must file a separate notice of appeal or amend a previously filed notice of appeal to secure review of a post-judgment order).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We reject as without merit Woods's contention that the district judge was

14-15241

biased against him.

We treat Woods's requests, filed on August 13 and 14, 2015, as requests to consider the document filed on August 3, 2015 as his reply brief, and grant the requests.

Woods's pending requests, set forth in his opening and reply briefs, are denied.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**

14-15241